**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4160**

———————————

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

KENNETH LAMONT BARNES,

           Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge. (5:13-cr-00138-FL-1)

———————————

Submitted:  December 31, 2015      Decided:  March 2, 2016

———————————

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

———————————

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

———————————

Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Lamont Barnes appeals his jury conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). Having reviewed the record, we affirm Barnes' conviction but vacate his sentence and remand for resentencing.

Barnes first challenges the district court's denial of his motion to suppress evidence stemming from an investigatory stop of a stationary vehicle that he and an acquaintance occupied. We review factual findings underlying a district court's denial of a motion to suppress for clear error and legal conclusions de novo. United States v. Hill, 776 F.3d 243, 247 (4th Cir. 2015). In a case involving a brief investigatory stop short of an arrest, "the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." United States v. Arvizu, 534 U.S. 266, 273 (2002) (internal quotation marks omitted); see Terry v. Ohio, 392 U.S. 1, 30 (1968). "[R]easonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). "[M]ultiple factors may be taken together to create a reasonable suspicion even where each factor, taken alone,

would be insufficient." United States v. George, 732 F.3d 296, 300 (4th Cir. 2013).

Our de novo review of the record confirms that the district court did not err in finding that, based on the totality of the circumstances, the officers had a reasonable, articulable suspicion that Barnes and the vehicle's other occupant were engaged in criminal activity. We therefore conclude that the district court did not err in denying Barnes' motion to suppress.

Barnes also challenges the district court's admission into evidence of expert testimony concerning the firearm's movement in interstate and foreign commerce, and statements that Barnes made to police concerning his acquisition of the firearm. Upon careful review of the record, we find that the district court did not abuse its discretion in admitting either type of evidence. See United States v. Byers, 649 F.3d 197, 213 (4th Cir. 2011) (stating standard of review).

Finally, Barnes argues that the district court erred in sentencing him as an armed career criminal. In light of the Government's concession that Barnes was not an armed career criminal, although we affirm Barnes' conviction, we vacate his sentence and remand this case for resentencing. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED IN PART AND REMANDED.</u>

4